IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-00609-PAB-MEH

THE INDEPENDENCE INSTITUTE,
JON CALDARA,
DENNIS POLHILL,
JESSICA CORRY,
MASON TVERT,
RUSSELL HAAS,
DOUGLAS CAMPBELL,
LOUIS SCHROEDER,
SCOTT LAMM,
ALBIE HURST, and
DANIEL KENNEDY,

    Plaintiffs,

v.

BERNIE BUESCHER, in his official capacity as Colorado Secretary of State,

    Defendant.

---

## ORDER DENYING MOTION FOR ATTORNEY'S FEES AND COSTS

---

This civil rights case comes before the Court on plaintiffs' motion for attorney's fees and costs [Docket No. 63]. Plaintiffs base their motion on the authority in 42 U.S.C. § 1988, 28 U.S.C. § 1920, and Federal Rule of Civil Procedure 54(d). The Court agrees with defendant that such an award in this case is premature.

Pursuant to § 1988,

> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title . . ., the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs,

> including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

42 U.S.C. § 1988(b) (2006).

The Supreme Court in *Sole v. Wyner* ruled that "a plaintiff who gains a preliminary injunction does not qualify for an award of counsel fees under § 1988(b) if the merits of the case are ultimately decided against her." 551 U.S. 74, 86 (2007) ("A plaintiff who secures a preliminary injunction, then loses on the merits as the case plays out and judgment is entered against her, has won a battle but lost the war." (quotation marks and alteration marks omitted). The Court in *Sole* explicitly left open the question of "whether, in the absence of a final decision on the merits of a claim for permanent injunctive relief, success in gaining a preliminary injunction may sometimes warrant an award of counsel fees." *Sole*, 551 U.S. at 86.

The Tenth Circuit has held that a "preliminary injunction that does not provide a plaintiff with relief on the merits of her claim cannot serve as the basis for prevailing party status." *Biodiversity Conservation Alliance v. Stem*, 519 F.3d 1226, 1232 (10th Cir. 2008). Here, the litigation has not been concluded either by a judgment on the merits or by subsequent acts which have mooted the operative claim. Rather, the present litigation is ongoing. *Cf. Sole*, 551 U.S. at 84 ("[A preliminary injunction's] tentative character, in view of the continuation of the litigation to definitively resolve the controversy, would have made a fee request at the initial stage premature."). This is particularly relevant in light of the fact that the Court's rulings were preliminary, were based on a preliminary record, and were highly fact-dependent.

Moreover, the preliminary injunction did not provide the ultimate relief plaintiffs sought.  The Court specifically found that plaintiffs were not seeking a preliminary injunction which afforded them all the relief that they could recover at the conclusion of a full trial on the merits.  *Independence Inst. v. Buescher*, --- F. Supp. 2d ----, No. 10-cv-00609-PAB-MEH, 2010 WL 2377072, at *7 (D. Colo. June 11, 2010); *Independence Inst. v. Buescher*, No. 10-cv-00609-PAB-MEH, 2010 WL 3239230, at *1 (D. Colo. Aug. 13, 2010).  As a result of this finding, plaintiffs were not required to meet a heightened standard for receiving preliminary relief.  *See Westar Energy, Inc. v. Lake*, 552 F.3d 1215, 1224 (10th Cir. 2009) (explaining that preliminary injunctions which afford the movant all the relief that it could recover at the conclusion of a full trial on the merits are disfavored, requiring a heightened showing).  Although the Court enjoined the enforcement of certain state laws for the 2010 election cycle, plaintiffs' operative complaint seeks the ongoing injunction of these laws indefinitely into the future.  Because of the ongoing nature of this litigation, even the effect on the 2010 election may later be proven to have been incorrectly afforded.

"[T]he limited purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held."  *See Schrier v. University of Colorado*, 427 F.3d 1253, 1258 (10th Cir. 2005) (quoting *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981)) (internal quotation marks omitted).  Having maintained this status quo until a full adjudication on the merits can occur, it has not been determined which party will ultimately prevail in this action.  Therefore, until

3

there is a final resolution of this case, either on the merits or otherwise, an award of attorney's fees under § 1988 is premature.

Section 1920 and Rule 54(d) allow a "prevailing party" to recoup its costs. For the same reasons a § 1988 claim for attorney's fees is premature, so is plaintiffs' motion for costs.

Accordingly, it is

**ORDERED** that plaintiffs' motion for attorney's fees and costs [Docket No. 63] is DENIED without prejudice. It is further

**ORDERED** that defendant's request for leave to file a surreply in response to plaintiffs' motion for attorney's fees and costs [Docket No. 78] is DENIED without prejudice as moot.

DATED September 10, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge