IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00609-PAB-MEH

THE INDEPENDENCE INSTITUTE,
JON CALDARA,
DENNIS POLHILL,
JESSICA CORRY,
MASON TVERT,
RUSSELL HAAS,
DOUGLAS CAMPBELL,
LOUIS SCHROEDER,
SCOTT LAMM,
DANIEL KENNEDY, and
ALBIE HURST,

    Plaintiffs,

v.

BERNIE BUESCHER, in his official capacity as Colorado Secretary of State,

    Defendant.

---

## STIPULATED PROTECTIVE ORDER (AMENDED)

---

    Pursuant to Fed. R. Civ. P. 26(c)(1)(G), the parties submitted this proposed Stipulated Protective Order in order to ensure the confidentiality of trade secrets and proprietary research, development, or confidential commercial information provided in response to discovery requests. The Court approves the Stipulated Protective Order and ORDERS as follows:

**Definitions**

    1. As used in this Order, the following definitions and terms shall apply:

  a. "Protected Persons" means the Plaintiffs and expert witnesses retained in this matter that are in the petition circulating business, including Michael Arno, Edward Agazarm, and Edward Blaszak, and any petition circulating businesses that any of these individuals own or operate, in whole or in part.

  b. "Confidential Information" means any Discovery Material that a Protected Person reasonably believes contains any trade secret or other

1

confidential, strategic, research, development, or confidential commercial information, as those terms are used in Fed. R. Civ. P. 26(c)(1)(G), that, if disclosed would materially affect the Protected Person's business, commercial, or financial interests.

c. "Disclosed" is used in its broadest sense and includes, but is not limited to, directly and indirectly shown, divulged, revealed, produced, described, transmitted or otherwise communicated, in whole or in part.

d. "Discovery" is defined as the term is used the Federal Rules of Civil Procedure.

e. "Discovery Material" means any documents, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, other responses to requests for information, other written information produced by any Protected Person in response to discovery requests in this litigation and any documents provided pursuant to Fed.R.Civ. P. 26.

f. "Document" has the same meaning as the term is used in Fed. R. Civ. P. 34(a).

g. "Counsel" means counsel of record in this action, their staff, representatives, their law firms, whether public or private, any attorney subsequently retained or designated by the Plaintiffs to appear in this action.

h. "Party" or "Parties" means the named Plaintiffs and/or the Defendant in this action.

i. "This action" means the above-captioned civil action pending in this Court, including any related discovery, pre-trial, trial, post-trial, or appellate proceedings.

j. "Business competitor" means any person or entity that circulates petitions or gathers signatures for consideration.

## **Types of Material That May Be Designated Confidential**

2. Counsel may designate any Discovery Material produced by a Protected Person as "Confidential" pursuant to this Order. Designating Discovery Material as "Confidential" shall constitute a representation to the Court of counsel's good faith belief that the material so designated falls within this Order's definition of "Confidential Information."

**Procedure for Identification of Confidential Information**

3. Protected Persons may designate as "Confidential" any Discovery Material they and their counsel, in good faith, believe is properly so designated by stamping such documents as "CONFIDENTIAL." The stamp shall be affixed to each page of the confidential document, but shall not obscure any writing or markings thereon. The stamp may be physically or electronically affixed. If only portions of a document are confidential, the Protected Person shall specifically identify the portions of the document that contain Confidential Information.

4. If any documents are provided in electronic form only, they will be considered confidential only if they are electronically stamped as "Confidential" or if counsel has indicated in writing that they are confidential.

5. Inadvertent production of or failure to designate any information as confidential shall not be deemed a waiver of a Protected Person's claim of confidentiality as to such information. Counsel may designate any such information as Confidential after it has been produced.

6. Transcripts and exhibits from depositions of Protected Persons shall be treated as Confidential for a period of twenty business days after they are made available by the court reporter. During that twenty business-day period, counsel may designate portions of deposition transcripts as confidential by providing page and line numbers, and/or by providing the numbers of exhibits that contain Confidential Information. Designation of confidential transcripts and exhibits shall be made in writing to counsel of record. Transcript portions and exhibits designated in accordance with this paragraph shall be disclosed only in accordance with this Order.

**Permissible Uses of Discovery Material Containing Confidential Information**

7. The purpose of this Protective Order is to ensure that proprietary business information produced by Protected Persons is not disclosed to their business competitors for any purpose without their prior approval or Order of the Court, and that it is not used for any purpose unrelated to this litigation.

8. Discovery Materials produced by Protected Persons and designated as Confidential Information may be Disclosed to any person, whether a party or non-party, who owns, is employed by, or is affiliated with a signature-gathering firm only if following conditions are met:

a. Before disclosing information from documents marked Confidential to expert witnesses who are also competitors of the party disclosing said documents ("competitor experts"), counsel for the party to whom the documents have been disclosed shall identify, in writing, the information sought to be disclosed to the competitor expert(s).

b.  The parties agree to work together in good faith to determine the proper scope of information to be disclosed to competitor experts. The parties further agree to refrain from disclosing any confidential information to competitor experts until the proper scope of disclosure is mutually agreed by the parties or, in the event the parties are unable to agree, the matter is resolved by Order of Court.

**Procedural Mechanism to Challenge Confidential Designation**

9.  If the parties cannot agree upon the information to be disclosed to competitor experts, they shall confer in good faith and resolve their disagreement pursuant to paragraph 8(b) above. If the parties are unable to reach an agreement within seven calendar days of the initial written request identifying the information sought to be disclosed to one or more competitor experts, the party seeking disclosure may seek a ruling from the Court. Such request for ruling must be filed no less than seven, and no more than fourteen, calendar days after the initial written request for disclosure to competitor experts. The party claiming confidentiality carries the burden to prove the information should be kept confidential.

**Use of Confidential Information in Hearings**

10. Before any hearing in which a party intends to introduce into evidence or otherwise disclose Confidential Information, counsel for that party shall notify opposing counsel of that intent and identify the information that may be introduced or disclosed. Prior to the hearing the parties shall confer and attempt to agree on the procedures under which the Confidential Information may be introduced or otherwise used. If the parties cannot agree, they will request that the Court issue an order governing the use of the Confidential Information.

11. Nothing in this Order prohibits the parties from disclosing Confidential Information to court personnel in the course of litigating this action. However, it is the parties' duty to inform court personnel that the Confidential Information being disclosed is covered by this Order. The parties agree to follow all procedures in place for filing or disclosure of Confidential Information to the court and court personnel.

**Procedures upon Termination of Action**

12. The parties shall, within 60 days of termination of this action, whether by settlement or by expiration of the period to appeal, return any Confidential Information to opposing counsel or certify in writing that it has been destroyed.

**General Terms**

13. This Order will govern the treatment of Confidential Information immediately upon its execution by counsel, irrespective of the date upon which the Court signs and approves the agreement.

14. Persons to whom Confidential Information is Disclosed shall be deemed bound by the terms of this Order once it is fully executed by the parties, irrespective of the date the Court approves and Orders the same. Counsel must advise persons to whom they Disclose

Confidential Information of the existence and terms of this Order in writing and shall retain a copy of this advisement for production upon request of any party. Any such persons to whom the confidential information is disclosed must agree in writing to comply with the terms of this Order and be subject to the Court's jurisdiction for purposes of enforcement of the terms of this Order before such materials may be Disclosed to them. Counsel disclosing the information shall retain a copy of the written agreement with the person to whom the Confidential Information is disclosed for production upon request of any party. Both the advisement and the agreement to be subject to the terms of this Order must include a statement that the party specifically agrees not to use the information disclosed for any purpose unrelated to this litigation and shall not disclose the Confidential Information to any business competitor.

15. Nothing herein shall prevent Disclosure of Confidential Information upon written consent of the Protected Person.

16. If, for any reason, the Court does not formally approve and enter this Order, the parties shall still be bound by the terms of this agreement.

17. The parties and counsel agree that this Court shall retain jurisdiction over them and any person to whom Confidential Information is disclosed to the extent necessary to enforce the terms of this Order.

18. This Order shall not prevent any party or Protected Person from opposing production of Discovery Material on any ground permitted by the Federal Rules of Civil Procedure, including applicable privileges. Nor shall it affect the scope of discovery in this action.

19. The Parties understand and agree that the State of Colorado and its agencies and departments are bound by applicable public disclosure laws, including without limitation, the provisions of the Colorado Open Records Act, § 24-72-201, *et seq.*, C.R.S., as presently or subsequently amended. In the event that the Defendant or defense counsel receives a third-party request for documents or other materials marked as containing Confidential Information, defense counsel will inform the requesting party of this confidentiality agreement and notify counsel for the Plaintiffs as soon as reasonably possible so that Plaintiffs may seek judicial relief.

SO ORDERED.

Dated at Denver, Colorado, this 23rd day of September, 2010.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge

AS STIPULATED:

| Attorneys for Plaintiffs: | Attorneys for Secretary of State: |
|---|---|
| KILLMER, LANE & NEWMAN, LLP | JOHN W. SUTHERS<br>Attorney General |

| | |
|---|---|
| */s Lisa Sahli* | */s Melody Mirbaba* . |
| DAVID LANE* | MAURICE G. KNAIZER* |
| LISA SAHLI* | Deputy Attorney General |
| 1543 Champa St., Ste 400 | MELODY MIRBABA* |
| Denver, Colorado 80202 | Assistant Attorney General |
| Phone: (303)571-1000 | MATTHEW GROVE* |
| Fax: (303) 571-1001 | Assistant Attorney General |
| dlane@kln-law.com | LEEANN MORRILL* |
| lsahli@lkn-law.com | Assistant Attorney General |
| *Counsel of Record* | 1525 Sherman Street |
| | Denver, Colorado 80203 |
| | Phone: 303-866-5380 |
| | Facsimile: 303-866-5671 |
| | maurie.knaizer@state.co.us |
| | melody.mirbaba@state.co.us |
| | matt.grove@state.co.us |
| | leeann.morrill@state.co.us |
| | *Counsel of Record* |