IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00609-PAB-MEH

THE INDEPENDENCE INSTITUTE,
JON CALDARA,
DENNIS POLHILL,
JESSICA CORRY,
MASON TVERT,
RUSSELL HAAS,
DOUGLAS CAMPBELL,
LOUIS SCHROEDER,
SCOTT LAMM,
DANIEL KENNEDY, and
ALBIE HURST,

    Plaintiffs,

v.

SCOTT GESSLER, in his official capacity as Colorado Secretary of State,

    Defendant.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court are Defendant Secretary's Motion to Compel Testimony Pursuant to Fed. R. Civ. P. 30(b)(6) [filed February 7, 2011; docket #111] and Plaintiff Independence Institute's Motion for Protective Order [filed February 15, 2011; docket #118]. The motions are referred to this Court for adjudication. The matter is briefed to the extent necessitated by the Court, and the Court heard oral argument on these issues on February 14 and March 1, 2011. For the following reasons, the Court **DENIES** the Motion to Compel and **GRANTS** the Motion for Protective Order.

Plaintiffs challenge the constitutionality of Colorado House Bill 09-1326, which places certain restrictions on "the ability of citizens to circulate petitions which would result in initiatives

appearing on the ballot in the general elections." (Docket #47 at 1-2.) These cross-motions concern the disclosure of Plaintiff Independence Institute's financial information, including how it is financed, the identities of contributors and amounts contributed. Defendant Secretary asserts that "Plaintiffs have put the Institute's ability to bear any increased costs associated with the implementation of the challenged legislation directly at issue in this case." (Docket #125 at 5.) Defendant believes that because the constitutional challenge to the Colorado statute in this matter is as-applied, he has the right to evaluate the veracity of Plaintiffs' claim of economic hardship arising from the requirements in the statute.

Plaintiff Independence Institute asserts that the information sought is not only irrelevant, but is protected by the First Amendment associational privilege. Plaintiff Institute believes disclosure of this information is problematic for two reasons: i) it is private and ii) disclosure would have a chilling effect on bringing this sort of lawsuit. Plaintiff Institute alleges that the Defendant bases his request on Plaintiff Caldera's deposition, indicating that Plaintiff Caldera could not afford to collect signatures for the Health Care Choice initiative because of House Bill 09-1326. Plaintiff Institute says that this testimony was not on behalf of the Institute, the Institute's budget supports a variety of endeavors, and the Institute's donors rely on the fact of their anonymity.

During the hearings, Counsel for Defendant Secretary averred that the information sought is relevant to the as-applied constitutional challenge, to prove that even with cost increase, the Institute can still raise enough money to pay the fees. Counsel for Plaintiff explained that the information sought is constitutionally protected under the freedom of association and in any event, the issue in the lawsuit is the cost increase, not the ability of wealthy donors to pay it. The Court agrees.

The Tenth Circuit recognizes First Amendment associational privilege, which can apply to discovery such as contributor lists, as analyzed in *Silkwood v. Kerr-McGee Corp.*, 563 F.2d 433 (10th Cir. 1977) and *Grandbouche v. Clancy*, 825 F.2d 1463 (10th Cir. 1987). As described in *Silkwood* and *Grandbouche*, the trial court must conduct a balancing test of the following factors when First Amendment privilege is claimed. The trial court must consider "(1) the relevance of the evidence; (2) the necessity of receiving the information sought; (3) whether the information is available from other sources; and (4) the nature of the information." *Grandbouche*, 825 F.2d at 1466 (citing *Silkwood*, 563 F.2d at 438). *Grandbouche* added two additional factors to those stated in *Silkwood*, including whether the party claiming privilege has placed the information at issue in the lawsuit and the validity of the claimed First Amendment privilege. *Id.* at 1466-67. The Court is then obligated to determine whether the privilege is "overborne by the need" for the requested information. *Id.*

Before the Court conducts this analysis, however, the Court must determine whether Plaintiffs "demonstrate an objectively reasonable probability that disclosure will chill associational rights." *E.g., In re Motor Fuel Temperature Sales Practices*, 707 F. Supp. 2d 1145, 1158 (D. Kan. 2010) (citations omitted). The Court finds Plaintiff Institute meets this standard, and the associational privilege applies to Plaintiff Institute's internal associational activities, including budgetary information, sources of financing, the identities of its contributors and the corresponding amounts contributed.

The Court further finds that Defendant has not met his burden of establishing the relevance of the information sought. The ability of the Institute (or its donors) to contribute more money to issue committees (or other entity or person collecting petition signatures) does not impact the constitutionality of House Bill 09-1326. The Court agrees with Plaintiffs that the issue in this matter

3

is not whether an entity or person ***can*** pay the amount required by House Bill 09-1326, but whether such person or entity ***should*** pay said amount, within the protections provided by the First Amendment. Thus, the finances of Plaintiff Institute are not relevant to the defense and are protected from disclosure by the First Amendment associational privilege.

Accordingly, the Court **DENIES** Defendant Secretary's Motion to Compel Testimony Pursuant to Fed. R. Civ. P. 30(b)(6) [filed February 7, 2011; docket #111] and **GRANTS** Plaintiff Independence Institute's Motion for Protective Order [filed February 15, 2011; docket #118]. Plaintiff Institute need not produce its budgetary information, sources of financing, the identities of its contributors and the corresponding amounts contributed, in the form of either written discovery or deposition testimony.

SO ORDERED.

Dated and entered at Denver, Colorado, this 2nd day of March, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge