IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00609-PAB-MEH

THE INDEPENDENCE INSTITUTE,
JON CALDARA,
DENNIS POLHILL,
MASON TVERT,
RUSSELL HAAS,
DOUGLAS CAMPBELL,
LOUIS SCHROEDER,
SCOTT LAMM,
DANIEL KENNEDY, and
ALBIE HURST,

    Plaintiffs,

v.

SCOTT GESSLER, in his official capacity as Colorado Secretary of State,

    Defendant.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

    Before the Court are the Plaintiffs' Combined Emergency Motion to Quash Subpoena Duces Tecum to Charles Chavez and Emergency Motion to Adjourn the Deposition and/or Extend the Time for Compliance [filed July 1, 2011; docket #202] and Defendant's Motion for Sanctions pursuant to Fed. R. Civ. P. 37(c)(1) [filed June 14, 2011; docket #172].  The Court **DENIES** the motion to quash, **DENIES AS MOOT** the motion for sanctions, and takes this opportunity to clarify the order regarding discovery issued on the record on June 17, 2011, and discussed further on June 30, 2011. As the Court alluded to on June 30, 2011, the Court believes that any witness presented by either side, as a fact witness for testimony at trial or as providing testimony in the form of an affidavit, should be available for deposition by the other side.

Both sides accuse the other of dilatory discovery tactics. The Court will not address this argument, other than to state again that those who live in glass houses should not throw rocks. It is the Court's priority to serve the interests of justice, which includes facilitating the efficient exploration of all discovery relevant to the case. Here, the trial setting is far in the future, thereby providing the parties the luxury of time in which to complete the discovery process. As a complete record is crucial for the District Court to thoroughly adjudicate the claims brought by Plaintiffs, the Court stands by its earlier comment, that any witness presented by either side, as a fact witness or as providing testimony in the form of an affidavit, should be available for deposition by the other side, within the new deadline set by the Court. (Docket #200.)

The Court therefore **DENIES** Plaintiffs' motion to quash. Although Plaintiffs have withdrawn Mr. Chavez from the fact witness list for possible testimony at trial, Plaintiffs decline to withdraw Mr. Chavez' affidavit in support of their response to Defendant's pending motion for summary judgment. Accordingly, the Court believes Defendant should have the opportunity to depose Mr. Chavez. The Court's previous limitations apply; that is, the deposition is limited to 3.5 hours. The Court reminds counsel for both sides of their deposition conduct obligations pursuant to D.C. Colo. LCivR 30.3, including the prohibition of "[q]uestioning that unfairly embarrasses, humiliates, intimidates, or harasses the deponent . . . ."

For essentially the same reasons, Defendant's motion for sanctions is **DENIED AS MOOT**. In consideration of the extended trial schedule, the Court perceives no prejudice against Defendant resulting from any alleged delay in disclosures by Plaintiffs, and the Court denies Defendant's request for discovery sanctions. In the alternative to the imposition of sanctions, Defendant asks that discovery be reopened for the purpose of allowing Defendant to depose three witnesses: Richard Brown, Heidi Verougstraete, and Ward Connerly. Plaintiffs concede that Richard Brown and Ward Connerly will not be called as witnesses at trial (and Defendant does not suggest these two

witnesses' testimony is included in the form of affidavits in the record).  Regarding Heidi Verougstraete, the Court's holding above dictates that Defendant may depose this witness if Plaintiffs intend to present her testimony at trial or in the form of affidavit, thus mooting Defendant's alternative request.

SO ORDERED.

Dated and entered at Denver, Colorado, this 6th day of July, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge
