IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00609-PAB-MEH

THE INDEPENDENCE INSTITUTE,
JON CALDARA,
DENNIS POLHILL,
JESSICA CORRY,
MASON TVERT,
RUSSELL HAAS,
DOUGLAS CAMPBELL,
LOUIS SCHROEDER,
SCOTT LAMM,
DANIEL KENNEDY, and
ALBIE HURST,

    Plaintiffs,

v.

SCOTT GESSLER, in his official capacity as Colorado Secretary of State,

    Defendant.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on September 7, 2011.**

The Motion to Quash filed by Interested Parties Heidi Verougstraete and National Ballot Access, Inc. [filed September 6, 2011; docket #243] is **denied without prejudice** for failure to comply fully with D.C. Colo. LCivR 7.1A. The Interested Parties represent that they left a voicemail message for Defendant's counsel but do not verify conferral. Rather, the Interested Parties "assumed" Defendant would oppose. *See* docket #243.

The plain language of D.C. Colo. LCivR 7.1A states,

> The court will not consider *any motion*, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party or a *pro se* party, before filing the motion, has conferred or made reasonable, good-faith efforts to confer with opposing counsel or a *pro se* party to resolve the disputed matter. The moving party shall state in the motion, or in a certificate attached to the motion, the specific efforts to comply with this rule.

(emphasis added). The Court reminds the parties of their continuing obligations to comply fully with D.C. Colo. LCivR 7.1A. *See Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 635-636 (D. Colo. 2003) (because Rule 7.1A requires meaningful negotiations by the parties, the rule is not

satisfied by one party sending the other party a single email, letter or voicemail).