IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00609-PAB-MEH

THE INDEPENDENCE INSTITUTE,
JON CALDARA,
DENNIS POLHILL,
JESSICA CORRY,
MASON TVERT,
RUSSELL HAAS,
DOUGLAS CAMPBELL,
LOUIS SCHROEDER,
SCOTT LAMM,
DANIEL KENNEDY, and
ALBIE HURST,

    Plaintiffs,

v.

SCOTT GESSLER, in his official capacity as Colorado Secretary of State,

    Defendant.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Defendant Secretary's Motion to Disqualify Alvin Anders from Testifying at Trial as a Sanction Pursuant to F.R.C.P. 30(d)(2) or, in the Alternative, to Continue the Deposition of Alvin Anders in Person Pursuant to F.R.C.P. 30(d)(1) and (2) [filed August 8, 2011; docket #231]. The motion is referred to this Court for adjudication. The matter is briefed to the extent necessitated by the Court. For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion.

Plaintiffs challenge the constitutionality of Colorado House Bill 09-1326, which places certain restrictions on "the ability of citizens to circulate petitions which would result in initiatives

appearing on the ballot in the general elections." Second Amended Complaint, 1-2, docket #47. This motion concerns Alvin Anders, who Plaintiffs list as a may-call trial witness in this case and for whom Plaintiffs submitted an affidavit as an exhibit to their response to the Secretary's motion for summary judgment filed on June 11, 2011. Defendant took Mr. Anders' deposition and contends that, because Mr. Anders (1) could not recall basic details about his past signature-collecting activities; (2) argued excessively with and was disrespectful and irreverent to defense counsel during the deposition; (3) gave unnecessarily long-winded (and sometime platitudinal) answers to questions (thus eating up the limited time that defense counsel had to conduct the deposition); and (4) invoked the Fifth Amendment right to remain silent in response to questions concerning the filing of his personal federal and state tax returns, Mr. Anders should be stricken as a witness in this case or, in the alternative, should be required to submit to an in-person deposition in this courthouse. Plaintiffs oppose any relief.

I will keep this simple. I read though the deposition pages provided by the Defendant. I do not like the way Mr. Anders behaved during his deposition and would be upset if I were in defense counsel's shoes. However, I do not believe he was so obstreperous that I should find he was effectively unavailable for cross-examination, such that striking him as a witness is the appropriate remedy. He did profess a lack of memory but, at times, recalled information during his deposition and attempted to correct prior testimony that he gave. As he himself admitted at the deposition, and as Plaintiffs' counsel points out in her response to the motion, although Mr. Anders *technically* appeared at the deposition pursuant to a subpoena, his real reason for being a witness in this case and testifying at deposition is to "help Scott and Mason win this case and stop the State of Colorado make – in their efforts to make it more difficult for citizens to petition their government. I'm here today to aid and defend the First Amendment." Exhibit C-1, Deposition of Alvin Anders, 21:23-

22:2, docket #231-3. I believe Mr. Anders was a little too anxious to achieve his intended result and lingered a little too long on the soap box at times. His conduct and responses unjustly cut into defense counsel's limited time. Incidentally, I do not find a great deal of fault in defense counsel's expressions of frustration which sometimes, as Plaintiff's counsel notes, prolonged the deposition. Mr. Anders' bait did catch her a few times.

Therefore, I find two more hours of deposition appropriate. It shall occur at the Alfred A. Arraj United States Courthouse in my jury room at the Court's, parties', counsels', and Mr. Anders' respective conveniences. This will hopefully avoid future motions practice. Mr. Anders is to appear in person at his cost, but I will not otherwise reapportion any costs of the continued deposition. Counsel for the parties shall first conference together, then call my Chambers at (303) 844-4507 to schedule the deposition.

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant Secretary's Motion to Disqualify Alvin Anders from Testifying at Trial as a Sanction Pursuant to F.R.C.P. 30(d)(2) or, in the Alternative, to Continue the Deposition of Alvin Anders in Person Pursuant to F.R.C.P. 30(d)(1) and (2) [filed August 8, 2011; docket #231].

SO ORDERED.

Dated and entered at Denver, Colorado, this 12TH day of September, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge