# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00609-PAB-MEH

THE INDEPENDENCE INSTITUTE, *et al.*,

    Plaintiffs,

v.

SCOTT GESSLER, in his official capacity,

    Defendant.

---

**PLAINTIFFS' RESPONSE TO DEFENDANT'S SECOND MOTION FOR
PROTECTIVE ORDER PURSUANT TO FED. R. CIV. P. 26(c)
[Doc. No. 380, filed 5/15/2013]**

---

Plaintiffs, by and through counsel, hereby submit their Response to Defendant's Second Motion for Protective Order Pursuant to Fed. R. Civ. P. 26(c) [Doc. No. 380, filed 5/15/2013], and in support thereof state as follows:

## INTRODUCTION

Throughout this litigation, Defendant has tenaciously fought against each of Plaintiffs' claims.  In order to exercise billing judgment in submitting their fee petition, Plaintiffs are entitled to discovery of Defendant's attorneys' time records.  Such records are relevant in evaluating the reasonableness of Plaintiffs' counsel's hours, and the records are not subject to any privilege.  This is particularly true given the tenacious litigation strategies employed by Defendant at every turn of this case.  Despite Defendant's contention that he "has not challenged the reasonableness of Plaintiffs' fees," Def.'s Mot. 6, he has indicated that he will challenge the reasonableness of Plaintiffs' counsel's hourly rates, just as he did with respect to Plaintiffs'

Motion for Attorney Fees and Costs filed after this Court issued a preliminary injunction in Plaintiffs' favor. [Doc. 70.] Defendant has filed numerous motions in this case, resulting in several time-consuming motions hearings and significant briefing. Furthermore, Plaintiffs have produced a substantial number of documents – many of which had to be gathered and delivered from out of state – in response to voluminous discovery requests propounded by Defendant. As the Court is aware, the case culminated in a two-week bench trial. In short, Defendant's insistence on aggressively litigating every facet of this case required Plaintiffs' counsel to expend more hours than typical for a case such as this; Plaintiffs are entitled to defense counsel's time records in order to establish the reasonableness of the time spent by Plaintiff's counsel, and Defendant's Motion should be denied.

## STANDARD OF REVIEW

The decision to issue a protective order rests within the sound discretion of the trial court. *Wang v. Hsu,* 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required. *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36 (1984) ("The trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery. The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders."). "A party seeking a protective order under Rule 26(c) cannot sustain the burden of demonstrating good cause merely by relying upon speculation or conclusory statements." *EEOC v. Indios, Inc.*, No. 09-cv-02316-PAB-MEH, 2011 U.S. Dist. LEXIS 4030, at *3-4 (D. Colo. Jan. 10, 2011). Rather, "[t]he movant must show specific facts demonstrating

that the challenged discovery will result in a clearly defined and serious injury to the party seeking protection." *Id.* at *4.

## ARGUMENT

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Because the information sought by Plaintiffs is both relevant and not protected by any privilege, Plaintiffs are entitled to the information. Furthermore, because Defendant has not articulated an injury sufficient to justify entry of a protective order, his Motion should be denied.

### I. Defendant's Attorneys' Time Records are Relevant

The Tenth Circuit has compiled a list of factors to be considered when evaluating the reasonableness of a prevailing party's attorney's hours submitted in a fee petition: "(1) whether the tasks being billed would normally be billed to a paying client, (2) the number of hours spent on each task, (3) the complexity of the case, (4) the number of reasonable strategies pursued, (5) *the responses necessitated by the maneuvering of the other side*, and (6) potential duplication of services by multiple lawyers." *Robinson v. City of Edmond*, 106 F.3d 1275, 1281 (10th Cir. 1998) (emphasis added) (internal quotation marks omitted); *accord Ramos v. Lamm,* 713 F.2d 546, 554 (10th Cir. 1983).

With respect to the fifth factor, "the responses necessitated by the maneuvering of the other side," *id.*, defense counsel's time records are relevant in determining the reasonableness of Plaintiffs' counsel's hours. In submitting their fee petition, Plaintiffs are required to exercise "billing judgment," that is, "winnowing the hours actually expended down to the hours reasonably expended." *Case by Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1250 (10th

Cir. 1998). Where, as here, a defendant engages in hard-fought, knock-down-drag-out litigation, a plaintiff's attorneys are reasonable in expending significant hours litigating:

> [H]ere the effort expended by the defendants suggests at least that they viewed the case as sufficiently complex and serious to warrant the expenditure of large amounts of attorney time, and it highlights the tooth-and-nail litigating approach the city used in this case. In light of this tenacious effort by the city and its lawyers, the amount of attorney time expended by the plaintiffs begins to look more reasonable, not less.

*Robinson*, 160 F.3d at 1284. A defendant is not permitted to challenge the reasonableness of a large number of attorney hours claimed by a plaintiff where the defendant's attorneys spent the same number or even more hours litigating the case. *See City of Riverside v. Rivera*, 477 U.S. 561, 580 n. 11 (1986) ("The government cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response." (internal quotation marks omitted)); *see also Santacruz v. Standley & Assocs., LLC*, No. 10-cv-00623-CMA-CBS, 2011 U.S. Dist. LEXIS 85781, at *11 n.4 (D. Colo. Aug. 4, 2011) ("[T]his case required significantly more work than the average FDCPA case as Defendants fought tooth and nail at every step of this litigation. Although Defendants were entitled to mount a vigorous opposition, the heavily contested nature of this case explains the higher than average fees incurred by Plaintiff.").

Given the tenacious litigation engaged in by Defendant's attorneys, including significant motions practice, requesting the production of tens of thousands of pages of documents, deposing numerous individuals in- and out-of-state, and engaging in protracted discovery disputes, defense counsel's billing records are undoubtedly relevant to determining the reasonableness of Plaintiffs' counsel's hours. Thus, Defendant's Motion should be denied.

## II.     Defendant's Attorney's Time Records are not Privileged

"[G]enerally speaking the attorney-client privilege does not extend to billing records." *Am Econ. Ins. Co. v. Schoolcraft*, No. 05-cv-01870-LTB-BNB, 2007 U.S. Dist. LEXIS 30557, at *14 n.2 (D. Colo. Apr. 25, 2007).  "[A]ttorney billing records describing the general nature of services performed do not constitute a confidential communication and are outside of the attorney-client privilege." *Weitz Co., LLC v. Ohio Cas. Ins. Co.*, No. 11-cv-00694-REB-BNB, 2011 U.S. Dist. LEXIS 68801, at *9 (D. Colo. June 27, 2011).  "Generally, information on an attorney's billing statement which shows the fee amount, the general nature of the services performed, and the case on which the services were performed is not privileged." *Quinn v. Ingham*, 185 F.R.D. 296, 299 (D. Colo. 1997).

Defendant's reliance on *Nelson v. Granite State Ins. Co.*, No. CIV-08-1165-M, 2009 U.S. Dist. LEXIS 65118 (W.D. Okla. July 28, 2009) to support the proposition that the time records of defense counsel are not discoverable is unpersuasive.  *Nelson* did not even involve fee litigation; rather, it involved a discovery request during active litigation, propounded on the attorney who had represented the defendant in related state-court litigation, seeking, among other things, "[a]ny and all billing statements, and invoices submitted to [the defendant], or affiliated companies relating to your work on the underinsured motorist claim of [the plaintiff]." *Id.* at *2.  The *Nelson* Court determined that "the information sought [was] irrelevant and/or contains descriptions showing privileged matters," and thus not subject to discovery. *Id.* at *5.  As fully explained above, the information sought by Plaintiffs here is undoubtedly relevant.  Moreover, to the extent that any of defense counsel's time records for some reason contain privileged information, that information can be redacted before the records are produced. *In re Wilson*, No. 06-cv-02575-MSK-KMT, 2009 U.S. Dist. LEXIS 42046, at *21 (D. Colo. Apr. 30, 2009) ("With

respect to invoices, for instance, which are generally not privileged, the respondents may redact privileged information and should produce the redacted copies.").

Because defense counsel's time records are not privileged, and any privileged information they may contain can be redacted before production, Defendant's Motion should be denied.

### III. Defendant has not Identified a Clearly Defined Injury

Defendant bears the burden of establishing that he is entitled to a protective order, and carrying that burden requires proving the existence of a clearly defined injury. *Indios*, 2011 U.S. Dist. LEXIS 4030, at *3-4. The only suggestion of a possible injury mentioned by Defendant is some speculative harm to his "substantial interest in maintaining the confidentiality of his communications with counsel, strategies to be employed in this litigation, and other privileged information relating to this on-going case" as a result of his potential filing of a Notice of Appeal in this case. Def.'s Mot. 7-8. As an initial matter, this "speculation [and] conclusory statement[]" is insufficient to carry Defendant's burden in attempting to obtain a protective order. *Indios*, 2011 U.S. Dist. LEXIS 4030, at *3-4.

Furthermore, as fully explained in Section I, *supra*, Plaintiffs do not seek production of any privileged communications between Defendant and his counsel. Billing records are generally not privileged, *see, e.g.*, *Quinn*, 185 F.R.D. at 299, and to the extent that defense counsel's billing records contain any privileged communications or other information protected by the work product doctrine, that information can be redacted before Defendant produces the records. *See, e.g.*, *In re Wilson*, 2009 U.S. Dist. LEXIS 42064, at *21. Thus, because Defendant cannot establish that he will suffer any "clearly defined and serious injury" as a result of

producing his attorneys' time records, *Indios*, 2011 U.S. Dist. LEXIS 4030 at *4, his Second Motion for Protective Order should be denied.

## CONCLUSION

Because defense counsel's billing records are relevant and not privileged, and because Defendant has failed to articulate any substantial injury resulting from producing those records, Defendant's Second Motion for Protective Order should be denied.

Respectfully submitted this 24th day of May, 2013.

                                           KILLMER, LANE & NEWMAN, LLP

                                           *s/ David A. Lane*
                                           _____
                                           David A. Lane
                                           1543 Champa Street, Suite 400
                                           Denver, CO 80202
                                           (303) 571-1000 (phone)
                                           (303) 571-1001 (fax)
                                           dlane@kln-law.com

## **CERTIFICATE OF SERVICE**

   I hereby certify that on May 24, 2013, I electronically filed the foregoing **PLAINTIFFS' RESPONSE TO DEFENDANT'S SECOND MOTION FOR PROTECTIVE ORDER PURSUANT TO FED. R. CIV. P. 26(**c**)** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Melody Miraba
Senior Assistant Attorney General
melody.mirbaba@state.co.us

Matthew W. Grove
matthew.grove@state.co.us
Assistant Attorney General

LeeAnn Morrill
Assistant Attorney General
LeeAnn.Morrill@state.co.us

*Attorneys for the Secretary of State*

               KILLMER, LANE & NEWMAN, LLP

               *s/ Jamie Akard*
               _____
               Jamie Akard
               Paralegal