IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00609-PAB-MEH

THE INDEPENDENCE INSTITUTE,
JON CALDARA,
DENNIS POLHILL,
MASON TVERT,
RUSSELL HAAS,
DOUGLAS CAMPBELL,
LOUIS SCHROEDER,
SCOTT LAMM,
DANIEL KENNEDY, and
ALBIE HURST,

      Plaintiffs,

v.

SCOTT GESSLER, in his official capacity as Colorado Secretary of State,

      Defendant.

---

# ORDER

---

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Defendant's Second Motion for Protective Order Pursuant to Fed. R. Civ. P. 26(c) [filed May 15, 2013; docket #380]. The matter is fully briefed, and the Court has considered arguments advanced by counsel at a Status Conference held in this case on April 17, 2013. (Docket #374.) For the reasons set forth below, the Motion is **granted in part** and **denied in part** as follows.

## I.      Background

Plaintiffs initiated this action on March 16, 2010, challenging the constitutionality of Colorado House Bill 09-1326. After three years of litigation, including numerous motions, hearings,

objections, and an eight-day bench trial, Judge Brimmer entered judgment in favor of Plaintiffs on

their First and Fifth claims for relief and enjoined the enforcement of Colo. Rev. Stat. §§ 1-14-

112(1) and (4).  (Docket #364, 47.)  Defendant has elected to forego an appeal.  (*See* docket #379.)

In pursuit of their "prevailing party" fees under 42 U.S.C. § 1988, Plaintiffs sought discovery

of Defendant's billing records via the Colorado Open Records Act ("CORA").  Defendant moved

for a protective order on April 16, 2013.  (Docket #371.)  The Court held a hearing on the motion

on April 17, 2013, during which Plaintiffs agreed to withdraw their CORA requests and tender

traditional discovery requests under the Federal Rules of Civil Procedure.  The Court suggested that

Plaintiffs move to extend the deadline for filing a fee petition, which Plaintiffs did on April 22,

2013. Upon referral from Judge Brimmer, the Court granted the motion for extension and continued

the deadline through and including July 1, 2013.  (Docket #377.)

Upon Plaintiffs' failure to respond to the original motion for protective order, Defendant

filed the pending Motion on May 15, 2013, seeking protection of what appears to be the same

category of documents.  In light of the overlapping discovery requests and in the absence of a

response from Plaintiffs, the Court denied the first motion for protective order as moot and set a

briefing schedule for the pending Motion.  (Docket #383.)  In accordance with that schedule,

Plaintiffs submitted a response to the Motion on May 24, 2013, and Defendant filed his reply on

May 29, 2013.  (Dockets ##386, 386.)

## II.    Discussion

The decision to issue a protective order rests within the sound discretion of the trial court.

*Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990).  Such protection is warranted, upon a showing of

good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue

burden or expense."  Fed. R. Civ. P. 26(c).  A party seeking a protective order under Rule 26(c)

cannot sustain the burden of demonstrating good cause merely by relying upon speculation or conclusory statements. *Tolbert-Smith v. Bodman*, 253 F.R.D. 2, 4 (D.D.C. 2008). The movant must show specific facts demonstrating that the challenged discovery will result in a clearly defined and serious injury to the party seeking protection. *Id.*; *see also Exum v. United States Olympic Comm.*, 209 F.R.D. 201, 206 (D. Colo. 2002).

In support of his request for a protective order under Fed. R. Civ. P. 26(c), Defendant challenges the relevancy of the Government's billing records with regard to Plaintiffs' request for fees. Plaintiffs counter that discovery of the Government's billing records will enable them to substantiate the reasonableness of their own counsel's fees, particularly in litigation that is fairly unique in both its subject matter and scope. Given the contentious nature of this litigation, Plaintiffs reasonably anticipate that Defendant will dispute, *inter alia*, the hours expended by counsel in furtherance of Plaintiffs' claims.

As Defendant notes in his Motion, he "has not yet challenged the reasonableness of Plaintiffs' fees and will not be able to take a position on 'reasonableness' until Plaintiffs serve their petition with the attached billing records in support thereof." (Docket #380 at 6.) The Court finds this fact particularly persuasive; however, it does not necessarily weigh in favor of complete protection. Rather, the Court believes that Defendant's billing records will *only* become relevant in the event Defendant disputes the reasonableness of the hours expended by Plaintiffs' counsel. Because the relevance of Defendant's records is contingent upon events that remain uncertain, the Court determines that the pending discovery request is premature and finds good cause for a provisional protective order pursuant to Fed. R. Civ. P. 26(c).

If, in response to Plaintiffs' July 1, 2013 motion for fees, Defendant opposes the proposed fee award on grounds fairly related to the expenditure of hours, the Plaintiffs may renew their

request for discovery at that time.  Upon motion by Plaintiffs, the Court would strongly consider requiring production of Defendant's billing records, subject to appropriate redactions.

**III.     Conclusion**

For the reasons set forth above, Defendant's Second Motion for Protective Order Pursuant to Fed. R. Civ. P. 26(c) [filed May 15, 2013; docket #380] is **granted in part** and **denied in part** as stated herein.

SO ORDERED and entered at Denver, Colorado, this 11th day of June, 2013.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge